RECEIVED
MAY 2 9 2012
MAY 29 2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| Jonathan Loucks, Plaintiff | ) ) ) ) | United States District Court Northern District of Illinois |
| v. | ) ) |  |
| Illinois Institute of Technology, Defendant | ) ) ) ) | 12cv4148 Judge Charles R. Norgle, Sr |
| Ashley Lucas, Defendant | ) ) ) ) | Magistrate Young B. Kim |
| Elizabeth Pinkus-Huizenga, Defendant | ) ) ) | **PLAINTIFF DEMANDS TRIAL BY JURY** |

### Complaint

1. At all times hereinafter mentioned, plaintiff, Jonathan Dean Loucks, was and still is a resident of Chicago in Cook County of the State of Illinois
2. Defendants
    a. The Illinois Institute of Technology, is a corporation incorporated under the laws of the State of Illinois and the United States and having a main office at 3300 South Federal Street, Chicago, Illinois 60616, and is licensed to do business in the State of Illinois
    b. Ashley Lucas is the Service Coordinator for the Office of Residence and Greek Life and the Plaintiff's former supervisor who was and still is a resident of Chicago in Cook County of the State of Illinois
    c. Elizabeth Pinkus-Huizenga is the Director for Residential Education for the the Office of Residence and Greek Life who was and still is a resident of Chicago in Cook County of the State of Illinois
3. The jurisdiction of this court is invoked pursuant to federal question
4. The plaintiff contends that the Illinois Institute of Technology violated not only the Fourth Amendment of the United States Constitution, but also provisions set forth by the Electronic Communications Privacy Act of 1986
5. At all times hereinafter mentioned the following individuals and their respective positions act as representative employees of the Illinois Institute of Technology
    a. Whereas Ashley Lucas served as the direct supervisor to the Plaintiff in her capacity as the Service Coordinator for the Office of Residence and Greek Life at the Illinois Institute of Technology
    b. Whereas Elizabeth Pinkus-Huizenga serves as the Director of Residential Education for the Office of Residence and Greek Life at the Illinois Institute of Technology
    c. Whereas Terrence Humphrey serves as the Director for Residential Operations and Administration for the Office of Residence and Greek Life at the Illinois Institute of Technology

d. Whereas Katherine Murphy-Stetz serves as the Dean of Students for the Division of Student Affairs at the Illinois Institute of Technology
   e. Whereas Victoria Tolbert serves as the Illinois Institute of Technology Ombudsperson and the Assistant to Dean of Students for the Student Affairs Division of the Illinois Institute of Technology
   f. Whereas Raymond Martinez serves as the Director of Public Safety for the Department of Public Safety at the Illinois Institute of Technology
   g. Whereas Marcus Scott serves as the Assistant Director of Public Safety for the Department of Public Safety at the Illinois Institute of Technology
   h. Whereas Alan W. Cramb serves as the Provost and Vice President for Academic Affairs at the Illinois Institute of Technology
6. Whereas the Plaintiff, Jonathan D. Loucks, began employment on May 1st, 2012 with the Office of Residence and Greek Life as Team Leader for the Community Desk Assistant Program after serving as a Resident Advisor and Community Desk Assistant since August 12th, 2011
7. Whereas the Plaintiff was expected to serve in an on-call rotation as part of his position using his personal cell phone as a receiver for the third-party call forwarding service, Google Voice
8. Whereas the forwarding service was simply explained as strictly a forwarding service without any privacy agreement or provisions set forth or made available to the Plaintiff by Ashley Lucas or Elizabeth Pinkus-Huizenga whom advocated the use of the new service
9. Whereas on May 15th, 2012 a series of text messages sent from the Plaintiff's personal phone to the personal phone of Westin Ripley, a fellow Illinois Institute of Technology student, was recorded and logged by the Google Voice account, held by the Office of Residence and Greek Life of the Illinois Institute of Technology
10. Whereas a transcript of these text messages was provided to the Plaintiff in an investigatory hearing with Lucas, Pinkus-Huizenga, Scott, and Martinez on May 21st, 2012
11. Whereas the Plaintiff maintained that these text messages were private and sent to his personal cell phone and were not intended for public view or dissemination
12. Whereas the Plaintiff was interrogated by Scott and Martinez regarding the nature of the text messages and informed that he would be subject to disciplinary action and likely termination by Pinkus-Huizenga and Lucas
13. Whereas the Plaintiff filed a formal complaint to Victoria Tolbert on May 22nd, 2012 stating that his right to privacy was violated by Pinkus-Huizenga, Lucas, Martinez, and Scott after private text messages were viewed and distributed to the officials mentioned in Paragraph 5
14. Whereas the Plaintiff informed Tolbert of his intention to seek legal counsel on the legality of his likely termination of employment
15. Whereas the Plaintiff was suspended without pay in an email communication from Lucas on May 23rd, 2012
16. Whereas the Plaintiff convened with Murphy-Stetz on May 24th, 2012 who informed him that he would likely be demoted to the position of Community Desk Assistant but would be able to resume shifts scheduled on and after May 27th, 2012
17. Whereas the Plaintiff's employment contract for Team Leader of the Community Desk Assistant for the 2012-2013 Academic Year would be reviewed at the end of July for renewal consideration

18. Whereas during the aforementioned conversation with Murphy-Stetz, she stated that the content of the text messages and not the way in which they were obtained were grounds for the investigation and any subsequent employment action
19. Whereas Murphy-Stetz informed the plaintiff that issues related to privacy were being considered as a separate issue and apologized for the situation having occurred and that the Office of Residence and Greek Life should have adequately researched the functions of the Google Voice service
20. Whereas Murphy-Stetz also acknowledged that had the Google Voice features been investigated and thoroughly explained upon deployment of the software, the situation would not have escalated or even arisen
21. Whereas after the aforementioned meeting Murphy-Stetz met with Alan Cramb who authorized the full termination of the Plaintiff's employment with the Illinois Institute of Technology
22. Whereas on May 25th, 2012 the Plaintiff met with Murphy-Stetz who informed him in person that his employment was to be terminated and that he would be required to vacate his provided residence by June 4th, 2012
23. Whereas shortly thereafter the Plaintiff received official communication from Murphy-Stetz stating the following:
    a. *This decision [termination] was based on an incident that occurred on May 21, 2012 where you prompted a drug deal to happen on campus. This act is a violation of your Community Desk Assistant Team Leader Employment Agreement; the specific area of the contract is A1, "...To model, at all times, appropriate behavior and be exemplary representatives of Residence and Greek Life and the University..."*
24. Whereas the Plaintiff informed Murphy-Stetz and Tolbert of his decision to seek legal action regarding the violation of his privacy
25. Whereas the Plaintiff was told by Murphy-Stetz that this was well within his rights and that any legal action he chose to take would not impact his status as a student of the Illinois Institute of Technology
26. Wherefore, the plaintiff demands a trial by jury in this matter and the following:
    a. Compensatory damages in the amount of $100,000 for lost wages, room/board compensation, and consequential psychological treatment for distress
    b. Punitive damages in the amount of $900,000 for wrongful termination and negligence
    c. Permanent injunction that requires the defendant to issue company provided cell phones rather than requiring use of personal phones by employees to ensure there is not a similar recurrence
    d. Any further relief the court may deem appropriate

Jonathan Dean Loucks
3349 South Wabash Avenue
Chicago, Illinois 60616
(618) 435-0951
jloucks2010@gmail.com

Date: 05/29/12