Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4148 | **DATE** | 11/20/2012 |
| **CASE TITLE** | Jonathan Dean Loucks vs. Illinois Institute of Technology, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' Motion to Dismiss [13] is granted without prejudice. If Plaintiff can cure the deficiencies in his Complaint to withstand a subsequent motion to dismiss, he is granted one final opportunity to file an amended complaint on or before December 21, 2012.

■ [ For further details see text below.]     Docketing to mail notices.

## STATEMENT

Before the Court is Defendants Illinois Institute of Technology ("IIT"), Ashley Lucas ("Lucas"), and Elizabeth Pinkus-Huizenga's ("Pinkus-Huizenga") (collectively, "Defendants") motion to dismiss Plaintiff Jonathon Loucks's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted without prejudice.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In other words, a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012). The Court construes Plaintiff's pro se pleadings liberally, see Pearle Vision, Inc. v. Romm, 541 F.3d 751, 758 (7th Cir. 2008), accepts as true all well-pleaded facts in the Complaint, and draws all reasonable inferences in his favor, Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wis., Inc., 657 F.3d 496, 502 (7th Cir. 2011) (citation omitted). However, the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ray v. City of Chi., 629 F.3d 660, 662 (7th Cir. 2011) (internal quotation marks and citation omitted). Further, a plaintiff may plead himself out of court by "pleading facts that show that he has no legal claim." Atkins v. City of Chi., 631 F.3d 823, 832 (7th Cir. 2011) (citations omitted). "Dismissal is proper if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" Wilson v. Price, 624 F.3d 389, 392 (7th Cir. 2010) (quoting Kennedy v. Nat'l Juvenile Det. Ass'n, 187 F.3d 690, 694 (7th Cir. 1999)).

Plaintiff alleges that Defendants violated the Fourth Amendment and the Federal Wiretap Act, 18 U.S.C. § 2520. As part of his employment at IIT's Office of Residence and Greek Life, Plaintiff used Google Voice, a third-party call forwarding service, on his personal cell phone. The Google Voice account was held by the Office of Residence and Greek Life. Plaintiff alleges that a series of text messages, sent from his cell phone to the phone of fellow IIT student Westin Ripley ("Ripley"), were recorded and logged by the Google Voice account. A transcript of these text messages was provided to Plaintiff in an investigatory hearing with his direct supervisor, Lucas; the Director of Residential Education for the Office of Residence and Greek Life, Pinkus-Huizenga; the Director of Public Safety, Raymond Martinez; and the Assistant Director of Public Safety, Marcus Scott. Ultimately, IIT terminated Plaintiff's employment because the text messages revealed that he had "prompted a drug deal to happen on campus." Compl. ¶ 23.

12C4148 Jonathan Dean Loucks vs. Illinois Institute of Technology, et al.     Page 1 of 2

## STATEMENT

As an initial matter, the Court notes that an alleged wrongful search or seizure conducted by private sector employers—without governmental participation or knowledge—is not actionable under the Fourth Amendment. Burdeau v. McDowell, 256 U.S. 465, 475 (1921); see also United States v. Jacobsen, 466 U.S. 109, 113 (1984) ("This Court has also consistently construed [Fourth Amendment] protection as proscribing only governmental action; it is wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official." (internal quotation marks and citation omitted); Rann v. Atchison, 689 F.3d 832, 836 (7th Cir. 2012) ("Long-established precedent holds that the Fourth Amendment does not apply to private searches." (citing Burdeau, 256 U.S. at 475)). In his opposition to Defendants' motion to dismiss, Plaintiff concedes that IIT is a private institution. Plaintiff's vague, broad based claim fails to allege participation or knowledge of any governmental official. Further, Plaintiff's argument that IIT "could be operating as proxy agents of the Police Department" because the Chicago Police Department "quickly became involved" and arrested Ripley on felony drug distribution charges, Opp'n to Mot. to Dismiss for Failure to State a Claim 3, is without merit, see Walters v. United States, 447 U.S. 649, 656 (1980) ("[A] wrongful search or seizure conducted by a private party does not violate the Fourth Amendment and that such private wrongdoing does not deprive the government of the right to use evidence that it has acquired lawfully." (citing Coolidge v. New Hampshire, 403 U.S. 443, 487-490 (1971))). As such, Plaintiff's Fourth Amendment claim is dismissed.

Plaintiff's Federal Wiretap claim is also dismissed. Section 2520 provides a civil remedy when a person's communications are "intercepted, disclosed, or used in violation of this chapter." 18 U.S.C. § 2520. Although Plaintiff does not specifically aver which provision he relies upon for relief, it appears that Plaintiff is alleging a violation of § 2511, which prohibits the intentional interception and disclosure of wire, oral, or electronic communications. 18 U.S.C. § 2511 (emphasis added). Here, Plaintiff alleges that, prior to deploying Google Voice software, IIT was not fully aware of its ability to record or log messages. See Compl. ¶¶ 19-20 (alleging that the Dean of Students for the Division of Student Affairs, Katherin Murphy-Stetz, stated that the "Office of Residence and Greek Life should have adequately researched the functions of the Google Voice service" and "that had the Google Voice features been investigated and thoroughly explained upon deployment of the software, the situation would not have escalated or even arisen"). Even drawing all reasonable inferences in Plaintiff's favor, these allegations, at most, allege a plausibly negligent act. Thus, "[b]ecause the complaint does not allege that defendants intercepted a communication for the purpose of committing any criminal or tortious act, it fails to state a claim under section 2511." Lucas v. Fox News Network, LLC, 248 F.3d 1180 (11th Cir. 2001) (unpublished table decision) (footnotes omitted). Plaintiff's Federal Wiretap claim is therefore dismissed.

For the foregoing reasons, Plaintiff's Complaint is dismissed without prejudice. If Plaintiff can cure the deficiencies in his Complaint to withstand a subsequent motion to dismiss, he is granted one final opportunity to file an amended complaint on or before December 21, 2012.

IT IS SO ORDERED.

